OPINION OF THE COURT
Nelson S. Roman, J.
Petitioner landlord, Sandra Diaz, commenced this summary holdover proceeding seeking possession of an unregulated *604 apartment in a two-family building. On January 20, 1999, the parties entered into a written court-ordered stipulation wherein a final judgment of possession was granted in favor of petitioner and respondent agreed to vacate the premises no later than March 28, 1999. In exchange for respondent’s promise to vacate the apartment by March 28, 1999, petitioner agreed to waive all use and occupancy for the months of November 1998 through February 1999, at a monthly rate of $950. On April 12, 1999, in response to respondent’s motion to stay execution of the warrant, the parties entered into a second court-ordered stipulation which stayed the eviction until May 31, 1999, upon the condition that respondent pay petitioner use and occupancy for the months of February 1999 through April 1999.[1] Respondent now moves this court to further stay execution of the warrant.
Upon a review of the credible documentary and testimonial evidence adduced at the hearing, respondent’s motion to stay execution of the warrant is denied due to movant’s failure to demonstrate entitlement to the relief sought. Pursuant to RPAPL 753, upon application of the occupant/tenant in a proceeding to recover possession of a dwelling, the court may stay execution of a warrant for a period not to exceed six months if the tenant/occupant can demonstrate that he cannot secure suitable premises similar to those occupied by him and that he has made due and reasonable efforts to secure such premises, or that by reason of other facts it would occasion extreme hardship to him or his family if the stay were not granted. Respondent failed to present any evidence, in admissible form, to establish that respondent has made due and reasonable efforts to secure a similar place to live. Respondent’s daughter, Kia Carrier,[2] testified that respondent has utilized the services of two or three real estate brokers in an effort to find a suitable apartment but has been unsuccessful. Ms. Carrier, however, was unable to identify the brokers or present documentary evidence to support her contentions. Moreover, she testified that since the inception of this proceeding, respondent has not inspected or visited any apartments for the purpose of renting and timely vacating her current dwelling.
Ms. Carrier did testify that respondent is suffering from several alleged ailments and would suffer extreme hardship if forced to vacate the premises. In support of her contention, re *605 spondent offered into evidence a copy of respondent’s medical records.[3] A review of the medical records reveals that since June 1999, respondent has suffered from hypertension, headaches, and tenderness and soreness to her left elbow. While these conditions may cause respondent some discomfort, they do not rise to the level of “extreme hardship” if the stay were not granted.
In opposition to respondent’s motion, petitioner presented evidence to demonstrate a pattern of harassment by respondent and members of respondent’s family. Petitioner testified that since the commencement of this action there has been constant banging and stomping on her ceiling by the occupants of respondent’s apartment, which is located directly above hers, during the evening hours. Ms. Diaz further testified that she was present on several occasions and heard respondent and Ms. Carrier, who resides with respondent, call her and her young children obscene names and use profane language.
Petitioner also testified that due to respondent’s actions during the pendency of this proceeding, several health care attendants who provide care to her disabled daughter have refused to come to petitioner’s home because they fear for their safety. Petitioner testified that in May 1999 she called the police and fire department to respond to her home because a padlock was placed on the entrance door to the building. The padlock, which petitioner believed was placed on the door by respondent or an occupant of respondent’s apartment, had to be forcibly removed from the door because it obstructed a means of egress and posed a safety hazard.
RPAPL 753 (3) states, in pertinent part, that the court shall not stay the execution of the warrant if the landlord establishes that the tenant/occupant is objectionable. Ms. Diaz’ testimony has established to this court’s satisfaction that respondent’s conduct is egregious. The use of profanity in the presence of children demonstrates a severe lack of civility and respect towards others and the court finds that respondent has engaged in a pattern of undesirable behavior. Moreover, this court has had the opportunity to observe the respective parties in court during the pendency of this action and it appears that the parties can no longer maintain a civil relationship.
*606 Based on the foregoing, this court determines that respondent’s motion to stay execution of the warrant must be denied. Respondent failed to demonstrate that she has made diligent and unsuccessful efforts to obtain other living quarters and that the court’s failure to stay execution of the warrant of eviction will result in extreme hardship to respondent and her family. Moreover, petitioner has established to the court’s satisfaction that respondent is an objectionable tenant. Accordingly, respondent’s motion is denied. In the interest of justice, the execution of the warrant is stayed until July 16, 1999 for respondent to vacate the premise.
Petitioner’s cross motion for attorney’s fees is granted to the extent of granting reasonable legal fees in the amount of $575. Judgment is therefore entered in favor of petitioner in the amount of $575.

. Petitioner concedes that respondent complied with her obligation to pay use and occupancy as delineated in the agreement.

. Ms. Carrier appeared on behalf of respondent who was allegedly ill.

. Ms. Carrier also testified that respondent has custody of three children who reside at the subject premises and that the children receive psychological therapy for reasons unrelated to this proceeding. No documentary evidence, however, was introduced to substantiate her contention.